E-FILED
Monday, 05 June, 2006  04:35:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 06-3_____ |
| | ) |
| CHRISTOPHER LEE ABERNATHY and | ) |
| CITY OF RUSHVILLE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Now comes, UNITED STATES OF AMERICA, by and through its attorneys, RODGER A. HEATON, United States Attorney for the Central District of Illinois, and Assistant United States Attorney James A. Lewis, and for its cause of action alleges that:

1. This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following persons as defendants:  Christopher Lee Abernathy and the City of Rushville

2. Attached as Exhibit "A" is a copy of the Mortgage, Exhibit "B" is a copy of the Promissory Notes secured thereby, Exhibit "C" is a copy of the Notice of Acceleration, and Exhibit "D" is the Affidavit of Abandonment.

3. Information concerning mortgage:

    (A)  Nature of instrument:        Mortgage

    (B)  Date of mortgage:           January 28, 2000

    (C)  Name of mortgagor:         Christopher Lee Abernathy

    (D)  Name of mortgagee:         United States of America,

United States Department of Agriculture

(E)   Date and place of recording:     January 28, 2000, Schuyler County, Illinois

(F)   Identification of recording:     Recorded as Doc. No. 259937

(G)   Interest subject to the mortgage:  Fee Simple

(H)   Amount of original indebtedness including subsequent advances made under the mortgage:  $47,375.00

(I)   Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

    1.  Legal description of mortgaged premises:

    Lot One (1), Two (2) and Three (3) in Block Three (3) of West Lawn Addition of a Subdivision of Lot Thirty-six (36) of the Assessor's Plat of the Southeast Quarter of Section 25, in Township 2 North of the Base Line, Range 2 West of the Fourth Principal Meridian, reference being had to a Plat recorded June 28, 1913, situated in the County of Schuyler and State of Illinois, AND ALSO ½ of the vacated unopened East/West alley being a part of Block 3 of West Lawn Addition to the City of Rushville, more specifically described as follows: Beginning at the Northwest corner of Lot 26 of said Block 3, running thence North 10 feet, thence East 120 feet, thence South 5 feet, thence West 120 feet, thence North 5 feet to the place of beginning, situated in Schuyler County, Illinois.

    PIN NO. 05-117-012-50

    2.  Common address or location of mortgaged premises:

    702 Wilson Street, Rushville, Illinois  62681

(J)   Statement as to defaults and amount now due:

    1.  Date of Default is September 23, 2005.

    2.  Payments which have become due under the secured note are in default and arrears in the total amount of $5,126.41.

    3.  The total amount now due is $53,879.45 as of April 27, 2006, plus interest accrued thereafter, court costs, title costs and plaintiff's attorney fees.  This

amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendant's account and total subsidy received on the defendant's loan.

4.  The per diem interest accruing under the mortgage after default is $10.1022.

(K)   Name of present owner of the real estate:  Christopher Lee Abernathy

(L)   Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

City of Rushville by virtue of a Notice of Lien, dated January 18, 2006, and filed on February 14, 2006, in the Recorder's Office of Schuyler County, Illinois, as Document No. 273088 in the amount of $198.39.

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim or lien of all parties and nonrecord claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)   Name of defendant claimed to be personally liable for deficiency, if any:

Christopher Lee Abernathy

(N)   Capacity in which plaintiff brings this foreclosure:  as the owner and legal holder of said note, mortgage and indebtedness.

(O)   Facts in support of shortened redemption period shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (1) have been served with summons or by publication or (2) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure:  The subject premises are abandoned, as evidenced by Exhibit "D," Affidavit of Abandonment, therefore Plaintiff requests that the redemption period be reduced to 30 days after the date the Judgment of Foreclosure is entered.

(P)   Statement that the right of redemption has been waived by all owners of redemption, if appropriate.  Borrowers waived right of redemption or possession following foreclosure sale  (Ex. A, ¶ 24).

(Q)   Facts in support of request for costs and expenses, if applicable:

3

Plaintiff has been required to incur title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage.

(R)   Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:  N/A

(S)   Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(T)   Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:  Christopher Lee Abernathy as owner of the property.

4.  As stated in the Affidavit of Abandonment attached hereto as Exhibit "D," the above-described property is abandoned.

<u>REQUEST FOR RELIEF</u>

Plaintiff requests:

i)   A judgment to foreclose such mortgage, ordering:

a.  That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

b.  That the defendant be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law);

c.  That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

d.  That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

4

e.  That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate; and

f.  That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

ii)    An order granting a shortened redemption period.

iii)   A personal judgment for a deficiency if authorized by law

iv)    An order granting possession.

v)    An order placing the mortgagee in possession or appointing a receiver.

vi)    A judgment for fees, costs and expenses.

vii)   Enforcement of its assignment of rents derived from said real estate.

viii)  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

<u>ADDITIONAL REQUEST FOR RELIEF</u>

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f)):

i)    Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

ii)   Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record;

iii)     In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

Respectfully submitted,
RODGER A. HEATON
United States Attorney


s/ James A. Lewis

By:     _____

James A. Lewis, NC Bar No. 5470
Attorney for Plaintiff
United States Attorney's Office
318 South Sixth Street
Springfield, IL  62701
Telephone:  (217) 492-4450
Fax:  (217) 492-4888
Email:  jim.lewis2@usdoj.gov


STATE OF ILLINOIS           )
                            )  S.S.
COUNTY OF SANGAMON          )

James A. Lewis, pursuant to Title 28, Section 1746, declares under penalty of perjury that the foregoing is true and correct.  Executed on June 5, 2006.


s/ James A. Lewis

_____

James A. Lewis
Assistant United States Attorney